# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHART ENERGY & CHEMICALS, INC., a Corporation, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. CIV-12-1240-M |
| OGE ENERGY CORP., a Domestic Corporation; ENOGEX HOLDINGS LLC, a Limited Liability Company; ENOGEX GATHERING & PROCESSING, LLC, a Limited Liability Company; and ENOGEX PRODUCTS, LLC, a Limited Liability Company, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court is defendants' Motion to Dismiss Amended Complaint, filed March 6, 2013. On March 26, 2013, plaintiff filed its response, and on April 1, 2013, defendants filed their reply. Additionally, pursuant to this Court's Order, on April 25, 2013, defendants filed their Notice of Conventional Filing and of Production of Documents and filed the Second Amended and Restated Limited Liability Company Agreement of Bronco Midstream Holdings, LLC and the Amended and Restated Limited Partnership Agreement of Bronco Midstream Partners, L.P. under seal.

On November 8, 2012, plaintiff filed its Complaint, and on March 6, 2013, plaintiff filed its Amended Complaint. Plaintiff alleges this Court has jurisdiction pursuant to 28 U.S.C. § 1332 – the diversity jurisdiction statute. On November 28, 2012, defendants moved to dismiss this action, asserting that this Court does not have subject matter jurisdiction because plaintiff is not diverse from defendant Enogex Holdings, LLC. Based upon documents presented by plaintiff, this Court found that there was diversity jurisdiction and denied defendants' motion to dismiss. Defendants,

now, once again, move to dismiss this action, asserting that this Court does not have subject matter jurisdiction because plaintiff is not diverse from defendant Enogex Holdings, LLC.

Plaintiff contends that as this Court has already found that diversity of citizenship exists, defendants should not be allowed to re-challenge the Court's subject matter jurisdiction by presenting new information that should have been known when the first motion to dismiss was filed. Federal Rule of Civil Procedure 12(h)(3) provides: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added). Based upon Rule 12(h)(3), the Court finds that defendants are not precluded from re-challenging the Court's subject matter jurisdiction. Further, because this case is still at the early stages of litigation, and because the documents submitted by plaintiff in response to defendants' first motion to dismiss were not exhaustive, the Court finds that it is appropriate, and in the interest of justice, to allow defendants to re-challenge the Court's subject matter jurisdiction.

The citizenship of a limited liability company depends upon the citizenship of its members.[1] If any of the limited liability company's members are themselves limited liability companies or other entities, then further jurisdictional information is required pertaining to each of them. The documents submitted by defendants, which are more current than the documents submitted by

---

[1] Although the Tenth Circuit has not specifically ruled with respect to the method of determining the citizenship of a limited liability company for purposes of diversity jurisdiction, every other circuit court that has addressed the question has determined that the citizenship of a limited liability company is the citizenship of its members. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 828-29 (8th Cir. 2004); *Rolling Greens MHP v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004); *Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003); *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51-52 (2d Cir. 2000).

plaintiff, show that Bronco Midstream Holdings LLC is a member of defendant Enogex Holdings LLC, that Bronco Midstream Partners L.P. is a member of Bronco Midstream Holdings LLC, that Bronco Investors Holdings Corporation is a limited partner of Bronco Midstream Partners L.P., and that Bronco Investors Holdings Corporation is a Delaware corporation. It is also undisputed that plaintiff is a Delaware corporation. Based upon the above, the Court finds that all of the members of defendant Enogex Holdings, LLC are not diverse from plaintiff and this Court, therefore, lacks subject matter jurisdiction.

Accordingly, the Court GRANTS defendants' Motion to Dismiss Amended Complaint [docket no. 31] and DISMISSES this action.

**IT IS SO ORDERED this 17th day of May, 2013.**

*[Signature]*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE